IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | 2:05-CR-0011 (01) |
| | § | |
| JOSE ANTONIO CORDERO-MARTINEZ | § | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT'S
MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Defendant JOSE ANTONIO CORDERO-MARTINEZ has filed with this Court a Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. An evidentiary hearing was held on June 14, 2006. For the reasons hereinafter expressed, the undersigned Magistrate Judge is of the opinion the motion to vacate, set aside or correct sentence should be DENIED.

I.
FACTS AND PROCEDURAL HISTORY

On April 1, 2005, defendant CORDERO-MARTINEZ pled guilty to the offense of failure to appear in violation of 18 U.S.C. §3146(a)(1). On May 25, 2005, CORDERO-MARTINEZ was sentenced to a term of 6 months imprisonment with a three (3) year supervised release term, and a special assessment of $100.00.[1] Defendant CORDERO-MARTINEZ did not directly appeal his sentence.

On January 18, 2006, defendant filed the instant Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. In the form motion,

---

[1]Such term was to run consecutive to the twenty-five month sentence also received on May 25, 2005, in Cause No. 2:04-CR-71.

defendant did not state any alleged grounds, but beside both the "Ground one" and "Ground two" spaces he typed "See Attached Exhibit." On January 24, 2006 the Court ordered defendant to supplement to his motion to vacate and therein state concisely and separately each ground on which he claimed he was being held unlawfully. Defendant was ordered to number each ground sequentially and briefly summarize the facts supporting each ground.

On February 17, 2006, defendant filed his supplement alleging a single ground for relief, a claim he received ineffective assistance of counsel because counsel failed to file a direct appeal. On April 10, 2006, the government filed a response in opposition to defendant's motion to vacate and addressed an additional claim of ineffective assistance of counsel *i.e.* that counsel failed to tell the Court why defendant failed to appear for trial on December 13, 2004. On May 3, 2006, defendant filed a Motion for Protective Order and for Additional Time to File a Reply Memorandum. In such pleading, defendant reiterated the only claim he was presenting in his motion to vacate was the claim he received ineffective assistance of counsel because counsel failed to file a direct appeal. An evidentiary was held to consider that issue.

## II.
## INEFFECTIVE ASSISTANCE OF COUNSEL

The general rule is that in order to prevail on a claim that he was denied his constitutional right to the effective assistance of counsel, defendant must satisfy two requirements. "First, he would have to show that his attorney's conduct fell below an objective standard of reasonableness. Second, he would have to demonstrate a reasonable probability that he was prejudiced by his attorney's unprofessional errors." *United States v. Green*, 882 F.2d 999, 1002 (5th Cir. 1989); *see also Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

A showing that his attorney's conduct was deficient requires a "showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The performance inquiry must center on whether counsel's assistance was reasonable considering all the circumstances at the time of counsel's conduct. *Id*. at 688-690.

A habeas defendant claiming ineffective assistance of counsel bears the burden of demonstrating by a preponderance of the evidence "both an identifiable lapse on the part of his trial counsel and some actual, adverse impact upon the fairness of his trial resulting from that lapse." *United States v. Cockrell*, 720 F.2d 1423, 1425 (5th Cir. 1983), quoting *Boyd v. Estelle*, 693 F.2d 388, 389-90 (5th Cir. 1981). "The only exceptions to this general rule are 'actual or constructive denial of the assistance of counsel altogether,' various kinds of 'state interference' with counsel's assistance, and when counsel 'is burdened by an actual conflict of interest' which adversely affects counsel's performance." *Mitchell v. State*, 989 S.W.2d 747, 748 (Tex.Crim.App. 1999) citing *Strickland,* 104 S.Ct. at 2067; *United States v. Cronic,* 466 U.S. 648, 104 S.Ct. 2039, 2047, 80 L.Ed.2d 657 (1984). "In these circumstances no affirmative proof of prejudice is required because prejudice is irrefutably presumed." *Id*.

In this case, if the Court finds defendant CORDERO-MARTINEZ did instruct and/or ask counsel to file a direct appeal, and counsel did not, then prejudice is established and defendant is entitled to relief in the form of an out-of-time direct appeal. The merits of such a direct appeal are not relevant. *Roe v. Flores-Ortega*, 528 U.S. 470, 484, 120 S.Ct. 1029, 1038-38, 145 L.Ed.2d 985 (2000).

The evidentiary hearing testimony by defendant CORDERO-MARTINEZ was that he visited with his attorney three to four times prior to sentencing. The defendant speaks Spanish but not much English. Communications with his trial counsel were through counsel's assistant who is fluent in Spanish. Defendant stated it was his understanding his sentence would run concurrent with the sentence received in Cause No. 2:04-CR-0071, a charge of transporting illegal aliens. When petitioner was sentenced, however, he did not receive concurrent sentences. Instead, he received twenty-five months for the transporting illegal aliens charge and six months for the failure to appear charge, such terms to run consecutively. Defendant testified he contacted or attempted to contact his attorney by telephone three times after sentencing. The first time defendant stated he called his attorney was three days after sentencing, the second call was about two weeks after sentencing, and the third call was about a month after sentencing. During the first call three days after sentencing, defendant stated he discussed the sentence and the consequences of the Judge's sentence with his trial counsel. It was defendant's testimony he requested counsel file an appeal, but was informed by counsel he could not get an appeal. Counsel's assistant acted as translator during this discussion. On the other two occasions, defendant said he did not speak directly with counsel but left messages with her assistant. Defendant insisted he relayed to trial counsel through her assistant that he wanted to appeal. Defendant further stated he sent counsel a letter requesting she file an appeal, but received no response, although some days later he received a letter stating counsel's representation had terminated. Defendant testified he sent a second letter in which he requested an appeal and a third letter in which he requested copies of all documents in his case. Defendant stated it was his recollection he requested counsel to appeal four times. He further stated he didn't feel like

counsel took his requests seriously because he never received a response.

Defendant's trial counsel, Assistant Federal Public Defender Bonita Gunden was called as a witness at the evidentiary hearing.  She testified that prior to sentencing she met with defendant to go over the Pre-Sentence Report (PSR).  Counsel stated the PSR was clear that defendant's sentences were to run consecutively.  Counsel testified she never told defendant his sentences would run concurrently.  Counsel also stated she had made a note on the indictment in the failure to appear case that a consecutive sentence was required by statute.  Counsel testified that when she first met with defendant (which meeting was prior to the failure to appear) she explained his sentence for the transporting charge would probably be in the range of 18 to 24 months.  However, after defendant failed to appear for trial and was indicted and arrested on the failure to appear charge, the expected sentence range obviously changed.  Counsel stated she met with defendant immediately after he was sentenced, along with two other defendants she represented and who had been sentenced the same day, and explained the appeal process.  Counsel stated she explained to defendant CORDERO-MARTINEZ that because he was sentenced below the guideline range and because the Court had agreed to his request to be incarcerated in California, that it probably wasn't prudent to appeal.  However, counsel stated she would have filed a Notice of Appeal if defendant CORDERO-MARTINEZ had requested it.  Counsel was firm in her testimony that defendant never requested an appeal.  Counsel testified it was her recollection and that her records from the criminal case reflected defendant only called once, in June of 2005, and spoke with her assistant.  Counsel also testified she received one letter from defendant requesting copies of documents in his file.  Counsel's assistant, Marisol Castanon, testified at the evidentiary hearing.  Her testimony was to the communications she had with the defendant.  Ms. Castanon

stated she never heard the defendant request an appeal in person, on the phone or in writing.

In assessing the weight and credibility to be assigned to the testimony of the various witnesses in the case, the Court finds the testimony of counsel and her administrative assistant more credible than that of the defendant. Counsel is an officer of the Court, and has very little, if anything, to gain by testifying falsely. Both counsel's and her assistant's recollection of events are consistent with each other and with counsel's records and time sheets. Counsel also noted in her file that a concurrent sentence was not possible. Neither counsel nor her assistant recall any conversations or letters with defendant except a June 2005 telephone call and one letter requesting records. Additionally, it may very well be, and it certainly appears that defendant CORDERO-MARTINEZ desired a sentence reduction. Very few defendants who are sentenced to serve time are not desirous of a sentence reduction in some form. The fact that defendant contacted counsel's office and inquired about the possibility of obtaining a reduction of his sentence does not, however, constitute a request for counsel to file a direct appeal. In fact, based upon the testimony of Ms. Gunden and Ms. Castanon, the sole inquiry defendant made did not constitute a request to appeal nor even evidence a desire to appeal.

Finally, counsel testified that it was her position at the time of sentencing that defendant had been sentenced under the guideline range and that it thus would have been ludicrous to challenge such sentence. Counsel adamantly stated that had defendant requested an appeal, she certainly would have filed one, even if it resulted in an *Anders* brief.

Based upon all of the above, the Court finds that defendant CORDERO-MARTINEZ has not established by a preponderance of the evidence that he ever asked or instructed counsel to file a direct appeal. Therefore, the defendant has not shown ineffective assistance of counsel and is

not entitled to any relief.

## III.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge that the motion to vacate, set aside and correct sentence, filed by defendant JOSE ANTONIO CORDERO-MARTINEZ be DENIED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file marked copy of this Report and Recommendation to defendant and to each attorney of record by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 21st day of July 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation. Service is complete upon mailing, Fed. R. Civ. P. 5(b), and the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e). Therefore, any objections must be filed **on or before the fourteenth (14th) day after this recommendation is filed**. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).